(Slip Opinion) OCTOBER TERM, 2012 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## STANDARD FIRE INSURANCE CO. *v.* KNOWLES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 11–1450.　Argued January 7, 2013—Decided March 19, 2013

The Class Action Fairness Act of 2005 (CAFA) gives federal district courts original jurisdiction over class actions in which, among other things, the matter in controversy exceeds $5 million in sum or value, 28 U. S. C. §§1332(d)(2), (5), and provides that to determine whether a matter exceeds that amount the "claims of the individual class members must be aggregated," §1332(d)(6).　When respondent Knowles filed a proposed class action in Arkansas state court against petitioner Standard Fire Insurance Company, he stipulated that he and the class would seek less than $5 million in damages.　Pointing to CAFA, petitioner removed the case to the Federal District Court, but it remanded to the state court, concluding that the amount in controversy fell below the CAFA threshold in light of Knowles' stipulation, even though it found that the amount would have fallen above the threshold absent the stipulation.　The Eighth Circuit declined to hear petitioner's appeal.

*Held*: Knowles' stipulation does not defeat federal jurisdiction under CAFA. Pp. 3−7.

　(a) Here, the precertification stipulation can tie Knowles' hands because stipulations are binding on the party who makes them, see *Christian Legal Soc. Chapter of Univ. of Cal., Hastings College of Law* v. *Martinez,* 561 U. S. ___.　However, the stipulation does not speak for those Knowles purports to represent, for a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.　See *Smith* v. *Bayer Corp.,* 564 U. S. ___, ___.　Because Knowles lacked authority to concede the amount in controversy for absent class members, the District Court wrongly concluded that his stipulation could overcome its finding that the CAFA jurisdictional threshold had been met. Pp. 3−4.

Syllabus

(b) Knowles concedes that federal jurisdiction cannot be based on contingent future events. Yet, because a stipulation must be binding and a named plaintiff cannot bind precertification class members, the amount he stipulated is in effect contingent. CAFA does not forbid a federal court to consider the possibility that a nonbinding, amount-limiting, stipulation may not survive the class certification process. To hold otherwise would, for CAFA jurisdictional purposes, treat a nonbinding stipulation as if it were binding, exalt form over sub-stance, and run counter to CAFA's objective: ensuring "Federal court consideration of interstate cases of national importance." §2(b)(2), 119 Stat. 5.

It may be simpler for a federal district court to value the amount in controversy on the basis of a stipulation, but ignoring a nonbinding stipulation merely requires the federal judge to do what she must do in cases with no stipulation: aggregate the individual class members' claims. While individual plaintiffs may avoid removal to federal court by stipulating to amounts that fall below the federal jurisdic-tional threshold, the key characteristic of such stipulations—missing here—is that they are legally binding on all plaintiffs. Pp. 4−7.

Vacated and remanded.

BREYER, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports. Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 11–1450

THE STANDARD FIRE INSURANCE COMPANY,
PETITIONER *v.* GREG KNOWLES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

[March 19, 2013]

JUSTICE BREYER delivered the opinion of the Court.

The Class Action Fairness Act of 2005 (CAFA) provides
that the federal "district courts shall have original juris-
diction" over a civil "class action" if, among other things,
the "matter in controversy exceeds the sum or value of
$5,000,000." 28 U. S. C. §§1332(d)(2), (5). The statute
adds that "to determine whether the matter in controversy
exceeds the sum or value of $5,000,000," the "claims of
the individual class members shall be aggregated."
§1332(d)(6).

The question presented concerns a class-action plaintiff
who stipulates, prior to certification of the class, that he,
and the class he seeks to represent, will not seek damages
that exceed $5 million in total. Does that stipulation
remove the case from CAFA's scope? In our view, it does
not.

I

In April 2011 respondent, Greg Knowles, filed this
proposed class action in an Arkansas state court against
petitioner, the Standard Fire Insurance Company.
Knowles claimed that, when the company had made cer-

tain homeowner's insurance loss payments, it had un-lawfully failed to include a general contractor fee. And Knowles sought to certify a class of "hundreds, and pos-sibly thousands" of similarly harmed Arkansas policyhold-ers. App. to Pet. for Cert. 66. In describing the relief sought, the complaint says that the "Plaintiff and Class stipulate they will seek to recover total aggregate damages of less than five million dollars." *Id.*, at 60. An attached affidavit stipulates that Knowles "will not at any time during this case . . . seek damages for the class . . . in excess of $5,000,000 in the aggregate." *Id.*, at 75.

On May 18, 2011, the company, pointing to CAFA's jurisdictional provision, removed the case to Federal Dis-trict Court. See 28 U. S. C. §1332(d); §1453. Knowles argued for remand on the ground that the District Court lacked jurisdiction. He claimed that the "sum or value" of the "amount in controversy" fell beneath the $5 million threshold. App. to Pet. for Cert. 2. On the basis of evi-dence presented by the company, the District Court found that that the "sum or value" of the "amount in contro-versy" would, in the absence of the stipulation, have fallen just above the $5 million threshold. *Id.,* at 2, 8. Nonethe-less, in light of Knowles' stipulation, the court concluded that the amount fell beneath the threshold. The court con-sequently ordered the case remanded to the state court. *Id.,* at 15.

The company appealed from the remand order, but the Eighth Circuit declined to hear the appeal. *Id.*, at 1. See 28 U. S. C. §1453(c)(1) (2006 ed., Supp. V) (providing discretion to hear an appeal from a remand order). The company petitioned for a writ of certiorari. And, in light of divergent views in the lower courts, we granted the writ. Compare *Frederick* v. *Hartford Underwriters Ins. Co.*, 683 F. 3d 1242, 1247 (CA10 2012) (a proposed class-action representative's "attempt to limit damages in the com-plaint is not dispositive when determining the amount in

controversy"); with *Rolwing* v. *Nestle Holdings, Inc.*, 666 F. 3d 1069, 1072 (CA8 2012) (a precertification "binding stipulation limiting damages sought to an amount not exceeding $5 million can be used to defeat CAFA jurisdiction").

## II

CAFA provides the federal district courts with "original jurisdiction" to hear a "class action" if the class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." 28 U. S. C. §§1332(d)(2), (5)(B). To "determine whether the matter in controversy" exceeds that sum, "the claims of the individual class members shall be aggregated." §1332(d)(6). And those "class members" include "persons (named or unnamed) who fall within the definition of the *proposed* or certified class." §1332(d)(1)(D) (emphasis added).

As applied here, the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of Knowles' proposed class and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case. The District Court in this case found that resulting sum would have exceeded $5 million *but for* the stipulation. And we must decide whether the stipulation makes a critical difference.

In our view, it does not. Our reason is a simple one: Stipulations must be binding. See 9 J. Wigmore, Evidence §2588, p. 821 (J. Chadbourn rev. 1981) (defining a "judicial admission or stipulation" as an "express waiver made . . . by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact" (emphasis deleted)); *Christian Legal Soc. Chapter of Univ. of Cal., Hastings College of Law* v. *Martinez*, 561 U. S. \_\_\_, \_\_\_ (2010)

(slip op., at 10) (describing a stipulation as "'binding and conclusive'" and "'not subject to subsequent variation'" (quoting 83 C. J. S., Stipulations §93 (2000))); 9 Wigmore, *supra*, §2590, at 822 (the "vital feature" of a judicial admission is "universally conceded to be its *conclusiveness* upon the party making it"). The stipulation Knowles proffered to the District Court, however, does not speak for those he purports to represent.

That is because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified. See *Smith* v. *Bayer Corp.*, 564 U. S. ___, ___ (2011) (slip op., at 15) ("Neither a proposed class action nor a rejected class action may bind nonparties"); *id.*, at ___ (slip op., at 13) ("'[A] nonnamed class member is [not] a party to the class-action litigation *before the class is certified*'" (quoting *Devlin* v. *Scardelletti*, 536 U. S. 1, 16, n. 1 (2002) (SCALIA, J., dissenting))); Brief for Respondent 12 (conceding that "a damages limitation . . . cannot have a binding effect on the merits of absent class members' claims unless and until the class is certified").

Because his precertification stipulation does not bind anyone but himself, Knowles has not reduced the value of the putative class members' claims. For jurisdictional purposes, our inquiry is limited to examining the case "as of the time it was filed in state court," *Wisconsin Dept. of Corrections* v. *Schacht*, 524 U. S. 381, 390 (1998). At that point, Knowles lacked the authority to concede the amount-in-controversy issue for the absent class members. The Federal District Court, therefore, wrongly concluded that Knowles' precertification stipulation could overcome its finding that the CAFA jurisdictional threshold had been met.

Knowles concedes that "[f]ederal jurisdiction cannot be based on contingent future events." Brief for Respondent 20. Yet the two legal principles to which we have just

referred—that stipulations must be binding and that a named plaintiff cannot bind precertification class members—mean that the amount to which Knowles has stipulated is in effect contingent.

If, for example, as Knowles' complaint asserts, "hundreds, and possibly thousands" of persons in Arkansas have similar claims, App. to Pet. for Cert. 66, and if each of those claims places a significant sum in controversy, the state court might certify the class and permit the case to proceed, but only on the condition that the stipulation be excised. Or a court might find that Knowles is an inadequate representative due to the artificial cap he purports to impose on the class' recovery. *E.g.*, *Back Doctors Ltd.* v. *Metropolitan Property & Cas. Ins. Co.*, 637 F. 3d 827, 830–831 (CA7 2011) (noting a class representative's fiduciary duty not to "throw away what could be a major component of the class's recovery"). Similarly, another class member could intervene with an amended complaint (without a stipulation), and the District Court might permit the action to proceed with a new representative. See 5 A. Conte & H. Newberg, Class Actions §16:7, p. 154 (4th ed. 2002) ("[M]embers of a class have a right to intervene if their interests are not adequately represented by existing parties"). Even were these possibilities remote in Knowles' own case, there is no reason to think them farfetched in other cases where similar stipulations could have more dramatic amount-lowering effects.

The strongest counterargument, we believe, takes a syllogistic form: First, *this* complaint contains a presently nonbinding stipulation that the class will seek damages that amount to less than $5 million. Second, if the state court eventually certifies that class, the stipulation will bind those who choose to remain as class members. Third, if the state court eventually insists upon modification of the stipulation (thereby permitting class members to obtain more than $5 million), it will have in effect created

a new, *different* case.  Fourth, CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, *i.e., this* complaint, not a new, modified (or amended) complaint that might eventually emerge.

Our problem with this argument lies in its conclusion. We do not agree that CAFA forbids the federal court to consider, for purposes of determining the amount in controversy, the very real possibility that a nonbinding, amount-limiting, stipulation may not survive the class certification process.  This potential outcome does not result in the creation of a new case not now before the federal court.  To hold otherwise would, for CAFA jurisdictional purposes, treat a nonbinding stipulation as if it were binding, exalt form over substance, and run directly counter to CAFA's primary objective: ensuring "Federal court consideration of interstate cases of national importance."  §2(b)(2), 119 Stat. 5.  It would also have the effect of allowing the subdivision of a $100 million action into 21 just-below-$5-million state-court actions simply by including nonbinding stipulations; such an outcome would squarely conflict with the statute's objective.

We agree with Knowles that a federal district court might find it simpler to value the amount in controversy on the basis of a stipulation than to aggregate the value of the individual claims of all who meet the class description. We also agree that, when judges must decide jurisdictional matters, simplicity is a virtue.  See *Hertz Corp.* v. *Friend*, 559 U. S. 77, 94 (2010).  But to ignore a nonbinding stipulation does no more than require the federal judge to do what she must do in cases without a stipulation and what the statute requires, namely "aggregat[e]" the "claims of the individual class members."  28 U. S. C. §1332(d)(6).

Knowles also points out that federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand

to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so. See *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.*, 303 U. S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"). But the key characteristic about those stipulations is that they are legally binding on all plaintiffs. See 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §3702.1, p. 335 (4th ed. 2011) (federal court, as condition for remand, can insist on a "*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount" (emphasis added)). That essential feature is missing here, as Knowles cannot yet bind the absent class.

Knowles argues in the alternative that a stipulation is binding to the extent it limits attorney's fees so that the amount in controversy remains below the CAFA threshold. We do not consider this issue because Knowles' stipulation did not provide for that option.

In sum, the stipulation at issue here can tie Knowles' hands, but it does not resolve the amount-in-controversy question in light of his inability to bind the rest of the class. For this reason, we believe the District Court, when following the statute to aggregate the proposed class members' claims, should have ignored that stipulation. Because it did not, we vacate the judgment below and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*