ROTH, Circuit Judge,
dissenting:
I respectfully dissent because I believe that the Complaint is a class action for purposes of CAFA jurisdiction. CAFA’s primary objective is to ensure “[fjederal court consideration of interstate cases of national importance.” Standard Fire Ins. Co. v. Knowles, — U.S. —, 133 S.Ct. 1345, 1350, 185 L.Ed.2d 439 (2013) (quoting Class Action Fairness Act of 2005, Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4). The majority’s requirement that a class action must be brought under Rule 23 or a similar state statute or rule that explicitly authorizes a class action goes too far and contravenes Congress’s intent that “lawsuits that resemble a purported class action should be considered class actions.” S.Rep. No. 109-14, at 35 (2005).
I would hold that a civil suit is a class action for purposes of CAFA jurisdiction when it pleads facts that would fulfill the essential elements of a class action — numerosity, commonality, typicality, and adequacy of representation. Simply put, if it quacks like a class action, it is a class action. The Complaint here quacks. It pleads facts that would satisfy the elements of á class action; therefore, it is a class action under CAFA. The District Court erred in remanding this case back to state court.
The basis for my conviction that the District Court erred goes back to Congress’s reason for enacting CAFA. Congress wanted to “expand substantially federal court jurisdiction over class actions.” S.Rep. No. 109-14, at 43 (2005); see also Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 148-49 (3d Cir.2009). The Senate Committee Report on CAFA explains that Congress was concerned that class actions were too often excluded from federal court. S.Rep. No. 109-14, at 4 (2005). This led to the adjudication of these cases in state courts, which inconsistently applied the rules governing class actions and inadequately supervised litigation procedures and proposed settlements. Id. Congress was frustrated that lawyers could “ ‘game’ the procedural rules and keep nationwide or multi-state class actions in state courts.” Id. This was especially troubling since class actions strongly *164 implicate concerns about judicial integrity and interstate commerce. See id. at 8.
Consequently, CAFA “places the determination of more interstate class action lawsuits in the proper forum — the federal courts.” Id. at 4. Class actions “usually involve the most people, most money, and most interstate commerce issues” and “also usually involve issues [with] nationwide implications,” so they are “precisely the kind of cases that should be heard in federal court.” Id. at 53. CAFA lists as one of its purposes to “restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction,” § 2(b)(2), and “the overall intent of [CAFA’s] provisions is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.” S.Rep. No. 109-14, at 35 (2005). Congress’s desire that federal courts have broad jurisdictional power to hear class actions cannot be ignored when interpreting the plain language of CAFA.
A.
While the majority accuses Indemnity of cherry-picking words to show that this is a class action, see Majority at 161, a close reading of the whole Complaint reveals that it seeks relief for individuals and pleads facts that would support the four prerequisites of a class action under Rule 23.[1] First of all, as the Complaint indicates, this is an interstate case of national importance. Exchange’s more than two million subscribers hail from ten states and the District of Columbia and, pursuant to their membership, enter into contracts for insurance with and receive dividends from Exchange throughout that geographic territory. Indemnity, a public corporation, manages and conducts Exchange’s business affairs by, inter alia, issuing policies, collecting premiums, and investing Exchange’s funds, activities which certainly occur across several states. This lawsuit, which challenges Indemnity’s conduct in managing Exchange, thus implicates interstate commerce.
Moving to the particulars of the Complaint, its first page states that it is filed on behalf of “All members of Erie Insurance Exchange!,]” and under the description of the parties, each identified subscriber “is filing this complaint on behalf of all members of Exchange.” The first count, for breach of contract, is necessarily brought on behalf of all of the subscribers because the Subscriber’s Agreements are between each individual subscriber and Indemnity. Exchange would not have standing to bring a breach of contract claim related to the Subscriber’s Agreements because Exchange is not a party to the Subscriber’s Agreements.
The second count, for breach of fiduciary duty, also must be brought on behalf of the subscribers because the Complaint alleges that Indemnity is a “fiduciary for Exchange and its Subscribers” and “breached those duties.” Even if Indemnity breached a duty owed to Exchange, the Complaint also alleges that Indemnity breached duties it owed to all of the subscribers, which only they can vindicate. Both of these counts conclude by seeking relief for individuals by stating that “the plaintiffs, on behalf of all members of Exchange, request a sum.... ” In contrast, the third count states that the claim is brought “on behalf of Exchange,” rather than on behalf *165 of “all members of Exchange,” farther indicating that the first two counts seek individual relief for all of the subscribers. The language in the Complaint, as well as the nature of the claims, indicates it was filed on behalf of all of the subscribers and seeks individual relief for all of the subscribers.
Also significant is the fact that the complaint in the Federal Lawsuit asserts it is a class action and alleges nearly identical facts to those alleged in the Complaint here.[2] Both complaints describe Exchange as an unincorporated association comprised of subscribers and Indemnity’s role as managing the operation of Exchange’s insurance business. Both complaints allege that Indemnity improperly retained over $300 million worth of services charges, itemized by year, and the Federal Lawsuit, much like the Complaint here, “requests damages ...” for a named subscriber “on behalf of herself and others similarly situate[d].” Moreover, the Federal Lawsuit, also pleading in the alternative a derivative action, states that “a formal demand in this matter would be fruitless,” in part, because the Complaint at issue here was filed against Indemnity in the Court of Common Pleas. The Federal Lawsuit seeks the same relief for the same people for the same alleged wrong as the Complaint here. While the majority is correct that this later-filed complaint does not “create” federal jurisdiction, see Majority at 162, it does demonstrate that the facts that were pled — in both complaints — support the elements of a class action. Both complaints are quacking like ducks — whether or not the words “class action” are used or Rule 23 and its particulars are explicitly listed.
Moreover, as my review indicates, the Complaint pleads facts that would satisfy the four prerequisites of a class action— numerosity, commonality, typicality, and adequacy of representation. Beginning with the first requirement, Exchange has over two million subscribers that reside in ten states and the District of Columbia, and the Complaint seeks individual relief for all of these subscribers. These facts satisfy the numerosity requirement because it would be impracticable to join all of these plaintiffs in one lawsuit that is not a class action. The second class action requirement, commonality, is met because the Complaint alleges that Indemnity breached a contract that it had entered into with each subscriber and breached the fiduciary duty it owed to each subscriber. As a result, the questions of law and fact are common to the class of individual subscribers on whose behalf relief is sought. Additionally, the allegations that each subscriber has the same claims against Indemnity that the four named subscribers have satisfies the third class action requirement of typicality. Finally, the fourth requirement, adequacy of representation, is satisfied by the factual allegations in the Complaint that each subscriber has an identical relationship with Exchange. Thus, the four named plaintiffs would fairly and adequately protect the interests of the class because all of the subscribers have identical interests vis-avis Indemnity.
A close reading of the Complaint reveals that it pleads facts that would satisfy the four essential requirements of a class action. For purposes of jurisdiction under CAFA, this Complaint then is a class action. Because this case meets the other requirements for CAFA jurisdiction, a federal court should exercise its jurisdiction *166 over it and deal later with any deficiencies in the Complaint as pled.[3]
B.
When the defendants moved for removal under CAFA, the District Court should have reviewed the Complaint — as we do above — to determine whether the requirements of a class action were present. In doing so, it should have kept in mind what Congress intended in creating CAFA. The Committee Report instructs that “the definition of ‘class action’ is to be interpreted liberally.” S.Rep. No. 109-14, at 35 (2005). I agree with the majority that determining whether a civil suit is a class action begins with the definition of class action in § 1332(d)(1)(B). However, the role of the court in a CAFA case does not end there. The court must also determine, based on a close reading of the entire complaint, whether the complaint pleads facts that would satisfy the essential elements of a class action, namely numerosity, commonality, typicality, and adequacy of representation. If a complaint, on its face, satisfies these requirements, under CAFA it is properly removed to federal court. It is then the function of the district court to inquire whether there are any deficiencies in the complaint. If so, the court should either have them corrected or dismiss the complaint.[4] This approach ensures that interstate class action lawsuits are litigated in federal court, as CAFA intended.
A putative class must demonstrate numerosity, commonality, typicality, and adequacy of representation when bringing a class action, so it logically follows that to qualify as a class action for purposes of CAFA jurisdiction, a complaint should plead facts that would fulfill these requirements. Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 591 (3d Cir.2012); Fed.R.Civ.P. 23(a); see also, e.g., Pa. R. Civ. P. 1702. These requirements are the essence of Rule 23 and similar state rules so that even a complaint that does not identify itself as “filed under” this type of rule can nonetheless be “filed under” these rules for purposes of CAFA jurisdiction. Stated another way, a complaint that pleads facts that would fulfill the four essential requirements of a class action is “filed under rule 23 ... or a similar state statute or rule ... authorizing an action to be brought ... as a class action” even if the complaint fails to name or exactly mirror the applicable rule. See Majority at 158 (citing 28 U.S.C. § 1332(d)(1)(B)).
Moreover, we cannot require that a class action complaint include specific words or refer to specific procedural rules because, as the Supreme Court has admonished, courts should not “exalt form over substance” when determining jurisdiction under CAFA. Knowles, 133 S.Ct. at 1350; see S.Rep. No. 109-14, at 35 (2005) (“[CAFA’s] application should not be confined solely to *167 lawsuits that are labeled ‘class actions’ by the named plaintiff or the state rulemaking authority.”). “A complaint that contains class-type allegations historically has been assumed to assert a class action before formal class certification.” Coll. of Dental Surgeons of P.R. v. Conn. Gen. Ins. Co., 585 F.3d 33, 40 (1st Cir.2009).
Indeed, this Court has held in other contexts that when determining jurisdiction, courts “are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of the claim.” Jarbough v. Att’y Gen., 483 F.3d 184, 189 (3d Cir.2007); Centifanti v. Nix, 865 F.2d 1422, 1429 n. 8 (3d Cir.1989); see also La. ex rel. Caldwell v. Allstate Ins. Co., 536 F.3d 418, 424 (5th Cir.2008) (noting in a case dealing with CAFA that federal courts look to the substance of an action, not how it is labeled, when determining whether there is jurisdiction). Under this approach, a court will look beyond the rule a plaintiff may use to characterize the claim and instead look to the specific facts pled. If these facts would satisfy the four class action prerequisites, the complaint pleads a class action for purposes of CAFA jurisdiction.
The majority’s holding that CAFA requires that a class action be “filed pursuant to Rule 23 ... or under any state statute or rule that is similar to Rule 23,” see Majority at 158, entails too formalistic an inquiry. CAFA does not require that a complaint methodically apply Rule 23 or a state law analogue, and the majority’s implicit requirement that this Complaint do so is just a small step away from requiring a lawsuit to contain specific words to be a class action. It should be of no moment that a litigant failed to explicitly mention a class action rule or deficiently pled a complaint under that rule because, “like the rest of the Federal Rules of Civil Procedure, Rule 23 automatically applies ‘in all civil actions and proceedings in United States district courts.’ ” Shady Grove Orthopedic Assoc. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431, 1438, 176 L.Ed.2d 311 (2010) (quoting Fed.R.Civ.P. 1); see Fed.R.Civ.P. 81. The substance of a complaint determines which procedural rules apply.[5] Even parties that agree a complaint pleads a class action may use discovery to bolster the complaint’s compliance with Rule 23. Much like an improperly pled federal cause of action, deficiencies in a complaint that pleads facts satisfying the essential elements of a class action do not deprive a federal district court of subject matter jurisdiction, though the complaint may ultimately fail.
Moreover, application of the majority’s approach to the Complaint further demonstrates that their emphasis on the particular rules referred to in the Complaint is misplaced. The fact that Pennsylvania Rule of Civil Procedure 2152 contains “none of the defining characteristics of Rule 23,” see Majority at 158-59, does not mean that the facts alleged in the Complaint do not require the District Court to apply Rule 23 to correct any deficiencies in the pleading or dismiss the case.[6],[7]
Finally, the majority’s approach is also inconsistent with Congress’s intent that CAFA broadly confer jurisdiction on federal district courts to hear class actions. The majority’s approach makes it easier *168 for plaintiffs to forum shop and “game” the system. As a result of the requirement in Knowles that CAFA jurisdiction be determined based on only the original complaint, 133 S.Ct. at 1349-50, a strategicallypled complaint could remain banished to state court if the plaintiffs adequately disguise any class claims by inaccurately filing them under a non-class action procedural rule. This cannot be what Congress intended.
I would hold today that a civil complaint which pleads facts that could satisfy the four prerequisites of a class action — numerosity, commonality, typicality, and adequacy of representation — is a class action for purposes of CAFA jurisdiction. A close reading of the Complaint here reveals that it pleads facts which would meet this standard, and, as a result, the District Court erred in remanding this case back to state court.
Because I would hold that the Complaint here pleads a class action for purposes of CAFA jurisdiction, I respectfully dissent.

. I agree with the majority that jurisdiction is analyzed "as of the time [the case] was filed in state court." Knowles, 133 S.Ct. at 1349; see Majority at 158-59 n. 3. As a result, whether there is jurisdiction under CAFA in this case is based solely on the Complaint that *165 was originally filed in the Court of Common Pleas.

. As the majority acknowledges, while this appeal has been pending, three of the plaintiffs have brought a class action in federal court on behalf of all members of Exchange. See Complaint, Erie Ins. Exchange v. Stover, No. 1:13-cv-37 (W.D.Pa. Feb. 6, 2013).

. CAFA provides for federal jurisdiction over class actions that also have (1) minimal diversity; (2) an amount in controversy over $5 million; and (3) a proposed class that consists of at least 100 members. 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5). The Complaint also meets these requirements. Subscribers are citizens of ten different states and the District of Columbia while Indemnity is a Pennsylvania citizen, creating minimal diversity. The Complaint alleges that Indemnity improperly retained over $300 million worth of fees, and neither party has alleged that the amount in controversy is less than the required $5 million. Finally, the proposed class consists of at least 100 members because the class consists of all members of Exchange, of which there are over two million. This lawsuit meets the requirements for federal jurisdiction under CAFA, and the District Court erred in remanding the case.

. For example, if a complaint lacks mechanisms for notifying potential class members or allowing them to opt-out — but otherwise pleads a class action — the district court may remedy this deficiency once jurisdiction is established.

. As a result, if this case were to remain in federal court, as I believe it should, the District Court could ensure that the requisite procedural rules are followed with respect to class certification, notice to absent class members, opt-out provisions, and the appointment of lead plaintiff and class counsel, despite the absence of any explicit mention of these procedural details in the Complaint.

. And as the majority itself notes, the fact that the Complaint states that the plaintiffs “bring this action pursuant to Pa.R.Civ.P. 2152" may be an incorrect application of the law because Exchange is a corporate entity, not an unin *168 corporated association. See Majority at 157; Pa. R. Civ. P. 2176 (''[A] corporation or similar entity includes any ... insurance association or exchange.”). Thus, relying on the facts actually pled, rather than the plaintiffs' assessment of their own claims, is more likely to identify cases that are truly class actions and that involve the interstate ramifications about which Congress was concerned when it enacted CAFA.

. To the extent that the majority relies on Pennsylvania's prohibition of class actions by unincorporated associations, they are also misguided. The majority cites Underwood v. Maloney, 256 F.2d 334, 337 (3d Cir.1958), for the proposition that "suits by members of an unincorporated association (such as those contemplated by Rule 2152) may not be brought as a class action.” See Majority at 159 (emphasis in original). Underwood cites as support for this proposition, inter alia, the Note to Pennsylvania Rule 2230(a), which explicitly states that "suits by or against unincorporated associations are not to be brought as class suits under this Rule.” Note to Pa. R. Civ. P. 2230(a) (rescinded 1977). Since the decision in Underwood, Rule 2230, which addressed class actions, has been rescinded and Rules 1701-04 have been enacted in its place. These new class action rules neither include a similar note nor explicitly address whether class actions may be brought by unincorporated associations. Moreover, as described in Part A, the Complaint here seeks relief for individual subscribers, and Pennsylvania law allows subscribers, in their individual capacity, to bring a class action. See, e.g., Nye v. Erie Ins. Exchange, 504 Pa. 3, 470 A.2d 98, 99-100 (1983) (finding that subscribers of Exchange had standing to bring a class action).