**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TUONG HOANG and ALEXANDER NGUYEN, individually and on behalf of those similary situated, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> SUPERVALU INC; et al., <br><br> Defendants - Appellants. | No. 13-56183 <br><br> D.C. No. 2:12-cv-10946-DSF-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 13, 2013
San Francisco, California

Before: GRABER, BEA, and HURWITZ, Circuit Judges.

Plaintiffs, who are hourly supermarket pharmacists, filed this putative class

action against their former employers in California state court, alleging various

violations of California wage and hour law. Defendants removed the case to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

federal court pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d)(2). The district court *sua sponte* remanded the case to state court on the ground that Defendants had failed to show "to a legal certainty" that this case meets the $5,000,000 minimum amount in controversy required for federal jurisdiction under CAFA. Defendants appeal the remand order. We have jurisdiction under 28 U.S.C. § 1453(c), and we reverse and remand.

When it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . we apply a preponderance of the evidence standard" to determine whether the removing party has met the amount in controversy requirement. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). However, when a state-court complaint clearly and unambiguously alleges that the amount in controversy is less than the jurisdictional threshold, the "party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).

The jurisdiction section of the complaint in this case states that the "total amount recoverable for the entire case does not exceed $5,000,000.00." However, the prayer for relief does not repeat this limitation, and instead states that Plaintiffs seek various forms of relief, including declaratory judgments, damages for unpaid

overtime compensation and penalties "subject to proof," damages for business expenses that were not reimbursed, penalty wages, attorneys' fees and costs, injunctive relief, disgorgement of funds by the Defendants, liquidated damages, and interest on their damages. The complaint's limitation of the total amount "recoverable" to $5,000,000 cannot reasonably be interpreted to encompass the total value of all forms of relief requested in the complaint. For example, among various other remedies, the complaint asks for injunctive relief pursuant to California Business and Professions Code section 17203. The value of the requested injunction against Defendants would not be "recovered" by Plaintiffs yet the value of such an injunction is part of the amount that has been put in controversy by Plaintiffs' complaint. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). The complaint is therefore ambiguous on its face as to whether the total amount in controversy is less than $5,000,000, so the district court erred in applying *Lowdermilk*'s legal certainty test.[1] We reverse and remand

[1] We need not and do not decide whether *Lowdermilk* survives *Standard Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345 (2013), because *Lowdermilk* does not apply here.

for the district court to determine whether Defendants have met the preponderance of the evidence standard for removal.

REVERSED and REMANDED.