**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3482
_____

HAROLD M. HOFFMAN, Individually and
on behalf of those similarly situated

v.

NUTRACEUTICAL CORPORATION,

Harold M. Hoffman,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2:12-cv-05803)
District Judge: Honorable Esther Salas
_____

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2014
_____

Before: FUENTES, SHWARTZ, *Circuit Judges*, and ROSENTHAL, *District Judge*.[1]

(Filed: April 10, 2014)

_____

OPINION OF THE COURT
_____

---

[1] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

FUENTES, *Circuit Judge*.

Harold M. Hoffman appeals the District Court's order denying his motion to remand his putative class action to state court. Because the District Court had subject matter jurisdiction over this action, we affirm.

I.

Hoffman is a citizen of New Jersey. He is an attorney who has made a habit of filing class actions in which he serves as both the sole class representative and sole class counsel. *See, e.g.*, *Hoffman v. DSE Healthcare Solutions, LLC*, No. 13 Civ. 7582, 2014 WL 1155472, at *2 (D.N.J. Mar. 21, 2014); *Hoffman v. Lumina Health Prods., Inc.*, No. 13 Civ. 4936, 2013 WL 5773292, at *2 (D.N.J., Dec. 17, 2013); *Hoffman v. Natural Factors Nutritional Prods.,* No. 12 Civ. 7244, 2013 WL 5467106, at *1 (D.N.J. Sept. 30, 2013). Nutraceutical Corporation is a Delaware corporation with its principle place of business in the State of Utah.

Hoffman filed this suit against Nutraceutical in the Superior Court of New Jersey, Bergen County. The action concerns a Nutraceutical supplement, KAL® Glucosamine Chondroitin MSM, which purports to stem the progression of osteoarthritis and reduce related joint pain. Hoffman, who bought a $20 bottle of the supplement, alleges that Nutraceutical falsely represented that the supplement was "of the highest quality," when in fact the "product was polluted and contaminated by significant concentrations of lead." App. 33. Hoffman brought the suit "individually and [o]n behalf of others similarly situated pursuant to New Jersey Court Rule 4:32," with a "proposed Class consist[ing] of

2

all nationwide purchasers of KAL Glucosamine Chondroitin MSM for the six year period preceding the filing of this suit." App. 39.

The Complaint asserts violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, as well as claims for common-law fraud, breach of contract, and common-law breach of warranty. The Complaint demands the following damages: reimbursement of the sums paid by class members, treble damages and/or punitive damages, pre-judgment and post-judgment interest, fees, costs, and attorney's fees.

Hoffman is the sole class representative of the putative class, although the Complaint acknowledges that Hoffman "may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification." App. 41. Hoffman is also counsel for the proposed class.

Shortly after Hoffman filed this action in state court, Nutraceutical removed the case to the United States District Court for the District of New Jersey, under the Class Action Fairness Act of 2005 ("CAFA"). Hoffman moved to remand. The Magistrate Judge recommended that the motion to remand be denied. The District Court adopted the Report and Recommendation of the Magistrate Judge in a Letter Order. Subsequently, the District Court dismissed the case, first without prejudice, and then later with prejudice. This appeal followed. [2]

---

[2] Because this action was dismissed on the merits, we have jurisdiction over the matter pursuant to 28 U.S.C. § 1291. *See Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132, 134 (3d Cir. 1976) ("A denial of a motion to remand is properly reviewable on appeal from a final judgment."). "When a decision on subject-matter jurisdiction concerns pure questions of law or application of law to the facts, [a federal appellate court] conduct[]

II.

Hoffman's sole argument on appeal is that the District Court erred by failing to remand the case to state court for lack of subject matter jurisdiction. Remand to state court is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The parties agree that if the District Court had subject matter jurisdiction over this action, it would be pursuant to CAFA. Thus, the fate of Hoffman's appeal hinges upon whether the District Court had subject matter jurisdiction over this action pursuant that statute.

With certain exceptions not relevant here, CAFA grants federal courts original jurisdiction over actions in which: (1) the matter constitutes a "class action"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; (3) CAFA's minimal diversity requirements are met; and (4) there are at least 100 members of the putative class. 28 U.S.C. § 1332(d)(2), (d)(5)(B). Hoffman's challenge to the District Court's jurisdiction is premised entirely on the proposition that the amount in controversy of his suit cannot exceed $5 million.

Where, as here, the plaintiff does not specifically aver that the amount in controversy falls below CAFA's $5 million threshold, the case must be remanded to state court if it is "a legal certainty" that CAFA's amount in controversy requirement cannot

a *de novo* review." *Mikulski v. Centerior Energy Corp.,* 501 F.3d 555, 560 (6th Cir. 2007) (en banc).

4

be met.  *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007); *see also Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 353 n.2 (3d Cir. 2013) (declining to dismiss a class action for lack of subject matter jurisdiction where "the record on appeal is insufficient for us to determine that plaintiff cannot meet the $5,000,000 amount-in-controversy requirement to a legal certainty").  Hoffman claims to have "carried his burden of evidencing to a legal certainty that he cannot recover the $5 million CAFA minimum." Appellant's Br. at 7.  His arguments is as follows: because Hoffman is both the sole class representative and the sole attorney for the class, the purported class cannot possibly be certified under established Third Circuit law.  *See Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1976).  Thus, he reasons, the amount in controversy of the action—as least while the case remains in federal court—is tantamount to the value of Hoffman's individual claim, roughly $200, rather than the aggregate value of the class members' claims, which would easily exceed $5 million.  In other words, because it is a "legal certainty" that the class will not be certified, it follows that it is a "legal certainty" that the amount in controversy requirement cannot be met.

Hoffman's argument is contravened by the plain language of CAFA, which mandates that federal courts calculate the amount in controversy of a putative class action *before* determining whether the class may be certified under Rule 23.  Specifically, CAFA instructs federal courts to determine whether the amount in controversy of a "class action" exceeds the $5 million threshold by "aggregat[ing]" "the claims of the individual class members."  28 U.S.C. § 1332(d)(6).  "Class action" is defined in the statute as "any civil action *filed* under rule 23 of the Federal Rules of Civil Procedure or similar State

5

statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). And

"class members" are "the persons (named or unnamed) who fall within the definition of

the *proposed or certified* class in a class action." 28 U.S.C. § 1332(d)(1)(D) (emphasis

added). Hence, a putative class action satisfies CAFA's amount in controversy

requirement where (1) the action was *filed* under Rule 23 or a similar state statute or rule

and (2) the aggregated claims of the *proposed* class members amount to more than $5

million. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) ("[Section

1332(d)(6)] tells the District Court to determine whether it has jurisdiction by adding up

the value of the claim of each person who falls within the definition of [the] proposed

class and determine whether the resulting sum exceeds $5 million. If so, there is

jurisdiction and the court may proceed with the case."). A putative class action's

prospects for certification are irrelevant to whether federal courts have subject matter

jurisdiction over that action in the first instance. *Accord* Newberg on Class Actions

§ 6:18 (5th ed. 2013) (explaining that "the denial of class certification does not mean that

the [federal] court never had subject matter jurisdiction" over the putative class action).

It is beyond dispute that this action was filed under a state statute "similar" in

nature to Rule 23. *See Riley v. New Rapids Carpet Ctr.*, 294 A.2d 7, 11 (N.J.

1972) (explaining that New Jersey Rule 4:32 is a "replica" of Rule 23). Moreover,

Hoffman cannot demonstrate to a legal certainty that the claims of the purported class—

i.e., the "nationwide purchasers" of the supplement "for the six year period preceding the

filing of this suit," App. 39—are worth $5 million or less. Accordingly, this action

6

satisfies CAFA's amount in controversy requirement, and the District Court properly concluded that it had subject matter jurisdiction over Hoffman's suit.

## III.

For the foregoing reasons, we affirm the District Court's denial of Hoffman's motion to remand.  All costs will be taxed against the Appellant.