# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-8001

GREG ALLEN, *et al.*,

*Plaintiffs-Appellants*,

v.

INTERNATIONAL TRUCK AND ENGINE CORPORATION,

*Defendant-Appellee.*

———————

Petition for Leave to Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 02-902-C-Y/K—**Richard L. Young**, *Judge*.

———————

SUBMITTED JANUARY 23, 2004—DECIDED FEBRUARY 13, 2004

———————

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Plaintiffs are 27 current or former employees at the Indianapolis plant of International Truck & Engine Corp., which used to be called Navistar International Corporation. They contend that white employees at the plant evinced pervasive hostility toward, and harassment of, their black co-workers, and that, when black employees complained, the plant's top supervisors told them that nothing would be done, and their best option was to quit. Plaintiffs seek both financial and equitable relief; they also want to be certified as representatives of a class of the plant's current and former black employees, some 350 in number during the period covered by the complaint. The

district judge found that all requirements of Fed. R. Civ. P. 23(a) have been satisfied but declined to allow plaintiffs to represent others similarly situated: the presence of individual claims made class treatment of damages imprudent, and the seventh amendment rendered class treatment of the equitable theories improper. Plaintiffs have filed a petition under Rule 23(f) seeking interlocutory review of this decision. The parties' comprehensive submissions show not only that immediate review would promote the development of the law governing questions that have escaped resolution on appeal from final decisions, see *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999), but also that the district court committed an error best handled by a swift remand. It is better to act summarily on this interlocutory matter than to delay the proceedings during full-dress appellate review.

After concluding that Rule 23(a)'s requirements had been met, the district court turned to the two pertinent subsections of Rule 23(b). Although the plaintiffs' allegations fit Rule 23(b)(2), which deals with situations in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole", the statutory authorization in 1991 of damages recoveries for employees in Title VII cases has complicated what used to be an almost automatic class certification in pattern-or-practice cases. See *General Telephone Co. v. Falcon*, 457 U.S. 147 (1982). The difficulty is that employees may prefer to litigate damages claims on their own behalf, and may have a constitutional entitlement to do so, while class certification under Rule 23(b)(2) usually means that class members will not be allowed to opt out. *Jefferson v. Ingersoll International Inc.*, 195 F.3d 894 (7th Cir. 1999), holds that Rule 23(b)(2) may not be used, even in a pattern-or-practice suit, unless persons with significant damages

claims are allowed to opt out of the class to the extent that the litigation concerns financial relief. Accord, *Lemon v. Operating Engineers*, 216 F.3d 577 (7th Cir. 2000). The district judge concluded that employees' financial stakes are too high to be called incidental to equitable relief, and that opt-out rights therefore must be extended. Although this conclusion did not foreclose certification under Rule 23(b)(3)—or perhaps hybrid certification under Rule 23 (b)(2) with opt-out confined to damages issues, a possibility suggested by *Jefferson*—the judge thought that neither step would be prudent because the employees' injuries are dissimilar. Some may have been exposed to pervasive harassment and suffered great distress; others may have seen or heard little of the offensive material. This meant, the judge wrote, that "issues common to the class as a whole are subordinate to the specific circumstances surrounding each individual Plaintiffs' [sic] claim for compensatory and punitive damages."

That left the possibility of a class certified under Rule 23(b)(2) for equitable relief only, with the 27 individual plaintiffs pursuing damages for their own accounts. Here the district court found the seventh amendment to be a stumbling block. Factual issues common to damages and equitable claims must be tried to a jury, whose resolution of factual matters will control. See *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). The judge wrote: "Given the individual and case-specific issues relative to Plaintiffs' hostile work environment claims, the court finds that pursuing this course would result in confusion and be overly burdensome to the resources of the court system." Other district judges within this circuit have reached contrary conclusions, and so far we have not had occasion to address this subject.

It is hard to see why management of a class certified under Rule 23(b)(2) for prospective relief alone would be

any more difficult than management of a suit with 27 individual plaintiffs seeking both legal and equitable relief. In either event, a jury trial must be held, and factual matters bearing on both damages and injunctive relief must be presented to that body. Even if the judge were to hold 27 separate damages trials, each of the 27 plaintiffs would be entitled to present evidence about the plant-wide environment in order to show entitlement to an injunction. The district judge did not explain how even one trial, with 27 plaintiffs, could be easier to manage than a class proceeding; and if the judge contemplated 27 trials, then a class proceeding looks even better by comparison. What is more, handling equitable issues on a class-wide basis would solve a problem sure to bedevil individual proceedings: How is it feasible to draft and enforce an injunction that will bear on these 27 plaintiffs alone, and *not* on the other 323 black employees? Unless it is possible to prepare such relief—and we do not see how it could be, or why a court should try—then the equitable aspects of the litigation are class-wide whether the judge certifies a class action or not. (The need for, if not inevitability of, class-wide treatment when injunctive relief is at stake is what Rule 23(b)(2) is about.) Formal certification has two benefits over the informal approach: first, class certification obliges counsel (and the representative plaintiffs) to proceed as fiduciaries for all 350 employees, rather than try to maximize the outcome for these 27 at the potential expense of the other 323; second, certification will entitle counsel to attorneys' fees representing the gains (if any) achieved by all employees, and not just the named plaintiffs.

Certifying a class for injunctive purposes, while handling damages claims individually, does not transgress the seventh amendment. Just as in a single-person (or 27-person) suit, a jury will resolve common factual disputes, and its resolution will control when the judge takes up the request for an injunction. International Truck will enjoy its jury-

trial right either way; and once *one* jury (in individual or class litigation) has resolved a factual dispute, principles of issue preclusion can bind the defendant to that outcome in future litigation consistently with the seventh amendment. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979); cf. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971). The other 323 employees' right to jury trial can be protected in either or both of two ways: By offering them the opportunity to opt out, or by denying them (in any later damages proceedings) both the benefits and the detriments of issue and claim preclusion. See *Lytle v. Household Manufacturing, Inc.*, 494 U.S. 545 (1990); *Premier Electrical Construction Co. v. National Electrical Contractors Ass'n, Inc.*, 814 F.2d 358 (7th Cir. 1987). Thus a class proceeding for equitable relief vindicates the seventh amendment as fully as do individual trials, is no more complex than individual trials, yet produces benefits compared with the one-person-at-a-time paradigm. The district court erred in concluding that seventh-amendment concerns foreclose certification of a class under Rule 23(b)(2).

Whether full class treatment of damages issues would be manageable is too fact-sensitive, and too much of a judgment call, to warrant interlocutory review in this court. But because this litigation will proceed as a class action for equitable relief, it would be prudent for the district court to reconsider whether at least some of the issues bearing on damages—such as the existence of plant-wide racial animosity, which collectively "constitute[s] one unlawful employment practice", *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)—could be treated on a class basis (with opt-out rights under Rule 23(b)(3) or a hybrid Rule 23(b)(2) certification) even if some other issues, such as assessment of damages for each worker, must be handled individually. See, e.g., *Lemon*, 216 F.3d at 582; *Williams v. Burlington Northern, Inc.*, 832 F.2d 100,

103-04 (7th Cir. 1987); *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 233 (7th Cir. 1983); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 627-28 (5th Cir. 1999). (The employer's contention that even partial class certification is inappropriate because workers may have *liked* being called "nigger" and "jungle bunny," chuckled when other workers posted cartoons of black men being lynched and displayed nooses in the workplace, or at least not minded such things, strains credulity. Still, questions about subjective reactions also could be isolated for individual treatment if evidence demonstrates that insults and threats rolled off the backs of some workers.)

The order of the district court is vacated, and the case is remanded with instructions to certify a class under Rule 23(b)(2) for equitable matters and to reconsider the extent to which damages matters also could benefit from class treatment.


A true Copy:

          Teste:

                            _____
                            *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*