In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-8009

EARL BLOMBERG, *et al.*,

*Plaintiffs-Respondents*,

*v.*

SERVICE CORPORATION INTERNATIONAL, *et al.*,

*Defendants-Petitioners*.

Petition for Permission to Appeal from
the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 C 8026—**Sharon Johnson Coleman**, *Judge*.

SUBMITTED MARCH 7, 2011—DECIDED APRIL 14, 2011

Before POSNER, WOOD, and HAMILTON, *Circuit Judges*.

WOOD, *Circuit Judge*.  Service Corporation International, SCI Funeral and Cemetery Purchasing Cooperative, Inc., and related individuals and entities (collectively "SCI") have asked us to accept an appeal from the district court's remand of this case to state court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453(c)(1) ("CAFA"). The plaintiffs, employees of SCI, brought this

proposed class action in Illinois state court, alleging that SCI maintained national policies and practices that failed to compensate its employees for all hours worked, in violation of the Illinois Wage Payment and Collection Act and the Illinois Minimum Wage Law; they also raised other state claims. Asserting CAFA jurisdiction, SCI removed the case to federal court, but the district court concluded that SCI has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, as required to establish original jurisdiction under that statute. 28 U.S.C. § 1332(d)(2). The parties agree that CAFA's other jurisdictional requirements are satisfied. For the following reasons, we grant the petition for permission to appeal and reverse the district court's order remanding the case to state court.

If the party opposing federal jurisdiction contests the amount in controversy, the proponent must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006); see also *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). The district court here required more of SCI than it should have. A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence. *Oshana,* 472 F.3d at 511. We have acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims. *Id.* The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is

in controversy between the parties. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). This burden thus "is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008), citing *Brill*, 427 F.3d at 449.

SCI's Notice of Removal sets forth several estimates in an attempt to establish the amount in controversy. Its effort to remove is supported with pleadings from other related lawsuits, counsel's affidavit, and a list of SCI's 538 Illinois employees. Not everything was helpful. The district court properly rejected SCI's unsupported argument that the proposed class must include more than 10,000 employees of SCI and its subsidiaries simply because the complaint does not limit the class only to employees within Illinois. As the district court noted, SCI made no attempt to show that all of its 10,000 employees nationwide could recover under the alleged violations of Illinois law. SCI's other estimates, however, are based on the 538 Illinois employees listed in the attachment to the Notice of Removal. SCI relies on information obtained from related lawsuits in other jurisdictions as the best evidence of the amount in controversy. It cites to the depositions of two of the three named class plaintiffs taken in an Arizona federal Fair Labor Standards Act action in which the class members collectively asserted that they were not paid for 2,600 hours of work during a one-year time period. SCI calculated that each of the 538 Illinois employees would need to seek payment for a total of only 552 hours over the entire class period, using the average of its employees' hourly pay rates, in order for CAFA's jurisdictional

amount to be met. The potential class period could be between three (Illinois Minimum Wage Law) and five (Illinois Wage Payment and Collection Act) years; the plaintiffs' complaint argues that the pertinent statutes of limitations were tolled by the filing of a 2006 lawsuit. The district court thought that SCI failed to present any competent evidence that the named plaintiffs' claims were typical of the other class members from the standpoint of the number of unpaid hours and the number of years employed, but it viewed that data too narrowly. SCI used these figures in an attempt to show the nature of the hours sought and to demonstrate how the amount in controversy was met based on the scope of the plaintiffs' claims.

SCI also attempts to demonstrate the amount in controversy by comparing this case with a Virginia federal district court case that makes similar allegations against SCI and has an identical proposed class definition. The Virginia plaintiffs allege CAFA jurisdiction even though a class with only Virginia employees would contain approximately 300 members. Because the plaintiffs allege that these 300 potential Virginia members would meet the CAFA jurisdictional amount, SCI declares that "[i]t is axiomatic" that the potential 538 Illinois members likewise would meet that requirement. It may not be axiomatic in the Euclidean sense of the term, but the evidence is useful nonetheless. The district court objected that SCI failed to present evidence that the potential recovery in both states is comparable, but it actually did so. SCI compared the potential recovery in Illinois to that in Virginia in its opposition to plaintiffs' motion to remand and explained that its liability under Illinois law

is greater because the Illinois Minimum Wage Law permits recovery for an additional two percent of any underpayments in employees' wages for each month that the amount remains unpaid. The Virginia action does not allege a comparable state wage law violation.

Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, *cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much. *Spivey*, 528 F.3d at 986; *Brill*, 427 F.3d at 448, citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Although there certainly is more that SCI could have done, such as offering a better comparison of the plaintiffs' claims and potential recovery under Virginia law with Illinois law, estimating the amount of overtime and liquidated damages sought by the plaintiffs, or estimating the attorneys' fees and punitive damages recoverable in unpaid wage cases, see *Oshana*, 472 F.3d at 512, we are satisfied that SCI provided plausible, good-faith estimates demonstrating how the stakes exceed $5,000,000. *Spivey*, 528 F.3d at 986, citing *Bell Atlantic*, 550 U.S. 544. The plaintiffs did not attempt to demonstrate that it was legally impossible for them to recover that amount.

Accordingly, we GRANT the petition for permission to appeal, REVERSE the district court's decision, and REMAND the case with instructions to resolve the dispute on the merits.