In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-8006

MICHAEL B. JOHNSON, individually and on behalf of all
others similarly situated,

*Plaintiff-Respondent*,

*v.*

PUSHPIN HOLDINGS, LLC, *et al.*,

*Defendants-Petitioners.*

Petition for Leave to Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 13 C 7468 — **Charles P. Kocoras**, *Judge.*

SUBMITTED MARCH 19, 2014 — DECIDED APRIL 9, 2014

Before POSNER, ROVNER, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* This class-action suit, which had
been filed in an Illinois state court, accuses Pushpin Hold-
ings (we can ignore the other defendants—owners and affil-
iates of Pushpin and entities alleged to have been acting in
concert with it) of having violated the Illinois Consumer
Fraud Act, 815 ILCS 505/2, by operating as a debt collector in
Illinois without an Illinois license, as required by 225 ILCS

425/4, and also of having committed common law torts of abuse of process and malicious prosecution in attempting to collect debts. Pushpin removed the case to federal district court under the removal provision of the Class Action Fairness Act of 2005, 28 U.S.C. § 1453(b). To be allowed to remain and litigate in federal court, Pushpin was required by other provisions of the Act to show that the amount in controversy in the litigation exceeded $5 million. §§ 1332(d)(2), (6). The district court ruled that Pushpin had failed to show this, and ordered the case remanded to the state court from which it had been removed. Pushpin asks us for leave to file an interlocutory appeal from the remand ruling, and we have decided to grant that leave, as we are authorized to do by § 1453(c)(1). The petition and response, together with the record in the district court, adequately illuminate the dispute, so we dispense with further briefing and proceed to the merits.

The class action complaint alleges that Pushpin filed in Illinois courts some 1100 small-claims suits, all fraudulent, but that the class (which consists of the defendants in those suits) seeks "no more than $1,100,000.00 in compensatory damages and $2,000,000.00 in punitive damages," and "will incur attorneys' fees of no more than $400,000.00 in prosecuting the class action counts," and therefore "the total amount of compensatory damages plus punitive damages plus attorney's fees requested on behalf of all class members is no more than $3,500,000.00." Of course $3.5 million is well below the $5 million threshold for removal of a state-court class action to a federal district court under the Class Action Fairness Act. Class counsel wants the stakes to remain below that threshold so that the suit will have to be litigated in state court, class counsel's preferred forum. Pushpin argues

that the potential damages that class counsel could establish if the substantive allegations of the complaint are proved exceed $5 million, and therefore the case should remain in federal court.

One might suppose that whatever potential damages the class *might* have sought, remand is required because the complaint forswears any claim for more than $3.5 million. The district judge said, however, that "once the proponent [of removal, and hence opponent of remand—Pushpin] has plausibly suggested that the relief exceeds $5 million, then the case remains in federal court unless the plaintiff can show it is *legally impossible* to recover that much." The term we've italicized appears in many cases, e.g., *ABM Security Services, Inc. v. Davis*, 646 F.3d 475, 478 (7th Cir. 2011); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011), as does the older formula that to prevent removal the plaintiff must demonstrate to a "legal certainty" that his claim is for less than the jurisdictional amount. E.g., *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Neither "legal impossibility" nor "legal certainty" seems descriptive of what is after all just a party's commitment not to seek damages above an amount specified by him, whether to avoid removal or for some other reason. See, e.g., *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). A court can't force a plaintiff to accept greater damages than he wants; and it might seem that class counsel in this case had made a commitment, in the passages that we quoted from the complaint, not to seek a judgment for more than $3.5 million.

But we have held that Illinois law, which governed the litigation before removal, requires, for such a commitment to be effective, that the plaintiff "fil[e] a binding stipulation or affidavit with the complaint." *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511–12 (7th Cir. 2006). Actually all we can find in Illinois statutory and case law are statements that a plaintiff's damages are not limited to the amount sought in the complaint, see 735 ILCS 5/2-604; *In re Estate of Hoellen*, 854 N.E.2d 774, 785 (Ill. App. 2006), which is not the same as saying that the amount can be limited only by binding stipulation or affidavit. But what at least is clear is that an unattested statement in a complaint won't do—and the plaintiff in this case failed to attach a binding stipulation or affidavit (it's unclear what the difference between "binding stipulation" and "affidavit" is, but it's irrelevant in this case), while Pushpin has alleged that there aren't 1100 suits against members of the class but 1300 and that the aggregate compensatory damages to which the class may be entitled are not $1.1 million but $3.3 million. These allegations, which if accepted push the total potential damages above the $5 million threshold, are as plausible as the plaintiff's.

Even if there were a binding stipulation, there would remain a question whether a named plaintiff (class representative) should be allowed to discard, without explanation or notice to the other members of the class, "what could be a major component of the class's recovery," merely to "ensure that the stakes fall under $5 million." *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, *supra*, 637 F.3d at 830–31. Class counsel doubtless consider it a sensible trade in this case: give up some damages in exchange for being

able to litigate the case in what class counsel must believe is a more favorable forum—otherwise why insist that their damages would not reach $5 million? Some members of the class, however, might think it better to gamble on the outcome of the suit if it is litigated in federal court than to give up what might be millions of dollars in damages. Or maybe not; spread over more than 1000 class members, an additional $1.5 million in damages (though it might be of course be more) would yield an average of less than $1500 in additional damages per class member—*much* less, since class counsel would take a big bite of the damages as an additional attorneys' fee.

But tugging against this type of objection to obtaining a remand in exchange for surrendering part of the class damages claim is the lack of realism in thinking that the class members can make an informed decision on whether the case should be litigated in federal or state court. What is required for such a decision is an expert legal judgment, and that is something that class counsel can provide but not class members—at least in a case like this; for remember that the members of the class are just small debtors who happen to have been sued by Pushpin and many of whom, for lack of legal sophistication or lack of resources or because the amount of the alleged debt was too small to justify the expense of a lawyer, simply defaulted.

But however this issue should be resolved as an original matter, the Supreme Court has now resolved it for us in its year-old decision in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013), seemingly unbeknownst to the parties in our case, as they have not cited it. The Court held that a stipulation by the named plaintiff in his complaint—even though

accompanied by an affidavit signed by him—if made before the class is certified doesn't limit the amount of potential damages that the class would be able to recover and so does not affect removability under the Class Action Fairness Act. *Id*. at 1349. What is surprising about the decision is that the Court's opinion makes no reference to Arkansas law, the law under which the suit had been filed. If Arkansas limits damages by a procedural rule, the limitation would not affect removability under the Class Action Fairness Act; but if the limitation is substantive, it might. See the opinions (none a majority opinion) in *Shady Grove Orthopedic Associates v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010).

The Court in *Knowles* also did not discuss the tradeoff between class counsel's giving up a part of the class damages claim and, by doing so, being able to litigate in a forum believed to be more favorable to the class. No matter; the Court has spoken and we are bound.

But this does not end the appeal, because class counsel advance another ground for a remand—the *Rooker-Feldman* rule: that the Supreme Court is the only federal court that can entertain an appeal from a decision by a state court. This may seem rather a desperate argument, since if the default judgments stand, the amount of damages that the class seeks will be greatly diminished. But remember that the aim of class counsel is to get this case back into state court, and maybe there they'll be able to get the default judgments set aside. No matter; for they're wrong about the *Rooker-Feldman* rule. (This is apart from the fact that it is disputed how many of the judgments were entered *before* removal—for what may have happened later would not affect federal jurisdiction, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280,

284 (2005); *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co., supra*, 637 F.3d at 830; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010), since federal jurisdiction would have attached at the time of removal.) The rule does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff. E.g., *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995), and other cases cited in *Truong v. Bank of America, N.A.*, 717 F.3d 377, 383–84 (5th Cir. 2013). Such a suit does not seek to disturb the judgment of the state court, but to obtain damages for the unlawful conduct that misled the court into issuing the judgment. It's true that the plaintiff is also asking that the default judgments be vacated, and that is relief that would violate the *Rooker-Feldman* rule; but that claim can be rejected without affecting the damages claim.

What we are left with to guide our decision is that the plaintiff did not irrevocably commit to obtaining less than $5 million for the class, and Pushpin's estimate that the damages recoverable by the class if it prevails on the merits may well equal or exceed that amount may be reliable enough to preclude remanding the case to the state court. The only ground on which the district judge rejected Pushpin's estimate and so decided to remand the case was that most of the claims on behalf of the class are barred by the *Rooker-Feldman* rule. That was a mistake; and the judge was also mistaken in saying that "there is a strong presumption in favor of remand" when a case has been removed under the Class Action Fairness Act. There is not. *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co., supra*, 637 F.3d at 830. The judge will have to determine anew whether the amount in controversy reaches the statutory minimum, thus barring remand, or does not, thus requiring remand. We don't have

enough information to be able to make that determination ourselves.

REVERSED AND REMANDED.