In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 15-8018

SCOTT MCMAHON,

*Plaintiff-Petitioner*,

*v.*

LVNV FUNDING, LLC, *et al.*,

*Defendants-Respondents*.

———————————

Petition for Leave to Appeal from an Order of the United States District
Court for the Northern District of Illinois, Eastern Division.
No. 12 C 1410 — **Jorge Alonso**, *Judge*.

———————————

SUBMITTED SEPTEMBER 9, 2015 — DECIDED DECEMBER 8, 2015

———————————

Before WOOD, *Chief Judge*, and FLAUM and SYKES, *Circuit Judges*.

WOOD, *Chief Judge*. Scott McMahon, the plaintiff in this putative class action arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, sought to certify a class of persons in Illinois who had received misleading dunning letters from defendant LVNV Funding, LLC. (There are other defendants, but for simplicity we refer to them collectively as LVNV.) After the district court declined

to certify the class, McMahon petitioned this court under Federal Rule of Civil Procedure 23(f) for permission to appeal that decision. We grant McMahon's petition and proceed to the merits, because the parties' comprehensive submissions—together with the record in the district court—suffice to decide this limited question. We conclude that the district court's decision to deny class certification was erroneous and thus that the case must be sent back to the district court for further proceedings on the class allegations. See *Pella Corp. v. Saltzman*, 606 F.3d 391, 393 (7th Cir. 2010); *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 470 (7th Cir. 2004); see also *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 771 (7th Cir. 2014).

## I

The gist of McMahon's claim is that LVNV violated the FDCPA when it sought to collect or settle debts that are not legally enforceable because the statute of limitations has run. McMahon alleges that LVNV's practice was to send dunning letters containing language that would mislead an unsophisticated consumer into believing that the debt *is* legally enforceable. We note that this is McMahon's second appeal in this case. See *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (*McMahon I*). His first appeal was prompted by the district court's dismissal of his class claims under Rule 12(b)(6) and the court's conclusion that his individual claims were rendered moot by a settlement offer. In *McMahon I*, we reversed the district court's judgment because the offer of settlement he received did *not* promise a full resolution of the matter and thus did not moot

his interest in the case. See 744 F.3d at 1019.[1] As we explained before, dunning letters such as the one McMahon received "misrepresented the legal status of the debts, in violation of the FDCPA," because an "unsophisticated consumer" who read such a dunning letter "could have been led to believe that her debt was legally enforceable." *Id*. at 1021. Therefore, we concluded that the class allegations had been incorrectly dismissed. *Id.* at 1020.

---

[1] We note that several cases currently pending before the Supreme Court present related issues, but we conclude that none is directly on point and thus that nothing would be gained by holding this matter for their resolution. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874–75 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (2015) (argued Oct. 14, 2015), which addresses mootness where a settlement offer would entirely resolve the named person's claim, is different precisely because the offer in McMahon's case did not provide complete relief. *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791 (8th Cir. 2014), *cert. granted*, 135 S. Ct. 2806 (2015) (argued Nov. 10, 2015), raises the question whether a collective action—either a class action under Federal Rule of Civil Procedure 23(b)(3) or a collective action under the Fair Labor Standards Act—may go forward where liability and damages will be determined with statistical techniques that presume all class members are identical to the average observed in a sample; and whether either kind of collective action may be certified and maintained when the class contains many members who were not injured. The class in McMahon's case is limited to people for whom the statute of limitations has already run; it thus does not pose the risk of including those who are not similarly situated or injured. Finally, *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015) (argued Nov. 2, 2015), presents the question whether Congress may confer Article III standing on a plaintiff who suffers no concrete harm. Once again, that does not describe McMahon's case, because he did suffer concrete harm.

Following his first appeal, McMahon moved in the district court for class certification. He described his proposed "Class A" as follows:

> (a) all individuals in Illinois (b) to whom LVNV … (c) sent a letter seeking to collect a debt that referred to a "settlement" (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter, or (ii) a debt arising out of the sale of goods (including gas) on which the last payment had been made more than four years prior to the letter (e) which letter was sent on or after February 28, 2011 and on or before March 19, 2012, (f) where the individual after receipt of the letter, (i) made a payment, (ii) filed suit, or (iii) responded by requesting verification or contesting the debt.

(Class A also included subclasses that are irrelevant for purposes of this Rule 23(f) petition.) McMahon sought certification of this class under Rule 23(b)(3), which requires the district court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

The district court was satisfied that the proposed class met the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Civil Procedure 23(a). But it concluded that the class nonetheless could not be certified, because of what it saw as a failure to meet the requirements of Rule 23(b)(3). In particular, the court held that issues

common to the class did not predominate over issues affecting individual class members. It based this conclusion on the fact that the proposed class includes persons seeking actual damages—namely, those who paid a part of the debt after receiving a dunning letter—and that the case therefore eventually would involve issues of individual causation and damages. The court stated that even if "the amount of damages due each class member is 'capable of ministerial determination,' causation, *i.e.*, determining whether class members paid the debt because of the letter, out of moral compulsion, or for some other reason, is not." And given that the proposed class was estimated to have 3,000 members, the court continued, "the individual issues will dwarf the issues common to the class, making this case unsuitable for class certification." McMahon moved for reconsideration of the order denying class certification, but his motion was denied.

## II

### A

In his petition under Rule 23(f), McMahon argues that the district court erred by concluding that "the need for individual damages determinations justifies the denial of class certification." An interlocutory appeal is appropriate, he says, because the district court's conclusion is directly at odds with our precedent. Review of the order denying class certification thus (in his view) "will facilitate development of the law because the … decision is an open invitation to defendants to concoct spurious 'individual issues' as to damages." McMahon also represents that the court's denial of class certification will doom the case because his individual claim is too small to justify the cost of litigation. We find these argu-

ments persuasive. Because it appears that the denial of class status is likely to be fatal to this litigation and that an appeal may promote the development of the law, we grant McMahon's petition for interlocutory review. See *Hughes v. Kore of Ind. Enter., Inc.*, 731 F.3d 672, 674 (7th Cir. 2013); *Pella Corp.*, 606 F.3d at 393; *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834–35 (7th Cir. 1999).

B

On the merits, we agree with McMahon that the district court exceeded the bounds of its discretion when it denied class certification. As McMahon points out, the court's analysis is inconsistent with this court's decisions. Its reasoning suggests that the existence of individual issues of causation automatically bars class certification under Rule 23(b)(3). That overstates the case. Although "[p]roximate cause … is necessarily an individual issue," we have explained that "the need for individual proof alone does not necessarily preclude class certification." *Pella Corp.*, 606 F.3d at 394; see *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) (concluding that district court committed "error of law" by denying class certification where district court's reason for denial was that "[t]he problem with the proposed class here is that showing reliance or causation—as required to establish liability—requires an investigation of each purchaser" (internal quotation marks omitted)); see also *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 381 (7th Cir. 2015) ("[O]ur cases demonstrate that commonality as to every issue is not required for class certification."); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015) ("It has long been recognized that the need for individual damages

determinations at [a] later stage of the litigation does not itself justify the denial of certification."); *Arreola v. Godinez*, 546 F.3d 788, 801 (7th Cir. 2008) ("[T]he need for individual damages determinations does not, in and of itself, require denial of [a] motion for certification.").

It is well established that, if a case requires determinations of individual issues of causation and damages, a court may "bifurcate the case into a liability phase and a damages phase." *Mullins*, 795 F.3d at 671; see *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013) ("[A] class action limited to determining liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members, or homogeneous groups of class members, is permitted by Rule 23(c)(4) and will often be the sensible way to proceed."), *cert. denied*, 134 S. Ct. 1277 (2014).

Another reason to reject the district court's analysis is that it is internally inconsistent. The court stated that the amount of each class member's actual damages is "capable of ministerial determination" yet that the question of causation is not. But a plaintiff must prove causation to establish actual damages. See *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) (explaining that, under Fair Credit Reporting Act, "a plaintiff cannot obtain an award of 'actual damages'" absent "a causal relation between the violation of the statute and the loss of credit, or some other harm"); *Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000) ("[A]ny egregious debt collection practices *which cause actual losses* to debtors are fully compensable according to the actual damages provision of the FDCPA." (emphasis added)). If, as the district court indicated, actual damages in this case are capa-

ble of ministerial determination, causation must likewise be capable of ministerial determination.

Finally, LVNV defends the district court's denial of class certification as a ruling that "merely recognized … that class certification is problematic where *determining membership in the class* requires an assessment of the subjective states of mind of individual class members" (emphasis added). That is not, however, an accurate description of the district court's decision. The court did not say that determining membership in the class would require individualized assessments of "subjective states of mind of individual class members." Although Class A includes persons who made a payment after receiving a dunning letter in violation of the FDCPA, the definition of the proposed class says nothing about their *reason* for doing so; membership in the subclass of persons who made a payment does not hinge on causation. We add that there is yet another reason why proof of causation is irrelevant to determining class membership in this case: The FDCPA is a strict-liability statute, and so members of the class would be entitled to statutory damages for a violation of the Act regardless of any actual damages. See 15 U.S.C. § 1692k; *Ruth v. Triumph P'ships*, 577 F.3d 790, 805–06 (7th Cir. 2009); *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998); *Allen v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

## III

In sum, the district court's denial of class certification on an improper ground raises a question worthy of immediate appeal under Rule 23(f), and on the merits constitutes "an error best handled by a swift remand," *Allen*, 358 F.3d at 470.

Accordingly, the order of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.