**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020[*]
Decided July 2, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2402

| | |
|---|---|
| AUGUSTYN KASPRZYK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17-cv-8523 |
| AXIOM FINANCIAL LLC, et al., | Charles R. Norgle, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Augustyn Kasprzyk lost his home in an Illinois foreclosure action. In this federal suit, he asserts that over twenty lending institutions conspired to defraud him by foreclosing on his home, in violation of federal and state laws. The district court dismissed his case for lack of subject-matter jurisdiction, ruling that the *Rooker-Feldman* doctrine barred all of his claims. *See District of Columbia Court of Appeals v. Feldman*,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). On appeal Kasprzyk insists that the doctrine does not apply to his claims because he is seeking monetary damages for out-of-court actions by the defendants. But he alleges no injury distinct from the foreclosure judgment, so we affirm.

In 2006 Kasprzyk obtained a mortgage loan for his home in Chicago. He defaulted shortly afterward but managed to stave off the first round of foreclosure proceedings against him. Further proceedings, however, were initiated by the mortgage's assignees, who refused Kasprzyk's offer to repurchase his home at a lower price. Judgment was entered against him in the state trial court in 2017, and his home was later sold in a foreclosure sale.

Kasprzyk then filed this wide-ranging suit for damages against twenty-two lending institutions. He said that he had uncovered new evidence of fraud that was unavailable to him at the time of the state court's proceedings—specifically, new reports about rampant fraud in the mortgage securitization industry that helped trigger the 2008 financial collapse. In his view, these reports show that the defendants conspired to foreclose on his home by issuing him a loan using fraudulent documents and misrepresenting the status of his mortgage assignments. His complaint alleged violations of several federal statutes: the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961–1968; the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617; and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1962p. He also brought claims under the Illinois Consumer and Deceptive Business Practices Act, 810 ILCS 505/1–505/12, and state tort law for intentional infliction of emotional distress, trespass, and civil conspiracy.

The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. It explained that Kasprzyk's claims—which involved events connected to the foreclosure action (e.g., allegedly fraudulent acts related to the issuance of his mortgage loan and later attempts to collect on it)—were "inextricably intertwined" with the state-court judgment and therefore barred.

On appeal Kasprzyk contends that the *Rooker-Feldman* doctrine does not apply to his claims because he seeks to challenge the defendants' conspiracy to defraud him of his home, not the state-court foreclosure judgment. He relies on our decision in *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014), in which we held that the *Rooker-Feldman* doctrine did not bar a suit seeking damages for fraud that led to a state court's judgment adverse to the plaintiff. *Johnson*, 748 F.3d at 773.

The *Rooker-Feldman* doctrine prevents lower federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[1] That doctrine also extends to federal claims that do not on their face require review of a state court's decision if those claims are closely enough related to a state court's judgment. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). If, however, the claim asserts an injury independent of the state court's judgment that the state court did not remedy, *Rooker-Feldman* does not apply.

Based on these principles, Kasprzyk's claims are barred by *Rooker-Feldman*. His complaint seeks to recover on a theory that the defendants made false statements during state litigation, but "[t]hat is precisely what *Rooker-Feldman* prohibits." *Id.* at 676; *see also Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). His claim that the defendants conspired under RICO to mislead the state court about the validity of his loan and the status of his mortgage assignments is barred because "'[n]o injury occurred until the state court ruled against [him].'" *Mains*, 852 F.3d at 677 (quoting *Harold*, 773 F.3d at 885). As in *Mains*, a state court already had established that those documents and assignments were valid, "and a lower federal court is not empowered to second-guess that decision." *Id.* at 677. For the same reason, we cannot reach his additional claim that the defendants violated the FDCPA by attempting to collect on his loan, or that they violated RESPA by refusing to accept his offer to repurchase his home at a lower price while the foreclosure proceedings were pending. *Id.* at 678. For him to prevail on any of his federal claims, a district court would need to declare that the foreclosure judgment was invalid or, contrary to that judgment, find that the documents on which it relied were fraudulent. *See id.*

Further, Kasprzyk's reliance on *Johnson* is misplaced. In that case we held that *Rooker-Feldman* does not bar a federal class-action suit alleging fraud that caused a state court's adverse judgment, but that suit concerned independently unlawful conduct (a debt-collecting agency's out-of-court misrepresentations about its licensing status) that went unrectified in the state court. The plaintiffs' suit sought not to disturb the state

---

[1] We note that the proper standard under the *Rooker-Feldman* doctrine is not whether the plaintiff's claims are somehow "inextricably intertwined" with the state court's judgment, but whether the plaintiff, having lost in state court, is seeking review of a state court's judgment that injured him. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2006); *Milchstein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018); *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 734 (7th Cir. 2014).

court's judgment, but to obtain damages for the defendant's fraudulent misrepresentations that occurred outside the court's proceedings. *Johnson*, 748 F.3d at 773. As we elaborated in *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015), "[I]f a plaintiff contends that out-of-court events have caused the injury that the state judiciary failed to detect and repair, then a district court has jurisdiction—but only to the extent of dealing with that injury." Kasprzyk's federal complaint, by contrast, seeks relief for statements relied upon by the state court that he believes were fraudulent. Kasprzyk's federal claims were therefore properly dismissed.

Because the district court properly dismissed Kasprzyk's federal law claims, it lacked supplemental jurisdiction to address his state law claims. *Mains*, 679 F.3d at 679.

Finally, Kasprzyk asserts that the district court erred by dismissing his claims with prejudice. But he misapprehends the court's ruling. The court here dismissed his claims for lack of subject-matter jurisdiction, which is a dismissal without prejudice. *See* FED. R. CIV. P. 12(b)(1); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 970 (7th Cir. 2016).

AFFIRMED