> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2021[*]
Decided October 26, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1227

| | |
|---|---|
| LEO D. STOLLER, et al., *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 00047 |
| CMH MANUFACTURING, INC., et al., *Defendants-Appellees.* | Sharon Johnson Coleman, *Judge.* |

**O R D E R**

Christopher Stoller bought but refused to pay for a home that he says was defective. He and his nephew Michael Stoller sued in state court, claiming that the seller breached its contract and conspired to defraud their family. The defendants removed

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

the suit to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. The district court later resolved the suit in favor of the seller. Christopher, who is now subject to a filing bar, has not appealed. *See Wilmington Tr., Nat'l Ass'n v. Stoller*, Nos. 19-2561, et al. (7th Cir. Dec. 23, 2019); *see also Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Michael appeals, and his father Leo purports to join the appeal. Because Michael's arguments are frivolous and Leo lacks standing to appeal, we affirm.

This suit arises out of Christopher Stoller's contract to buy a model home from CMH Manufacturing, Inc., with payment due on delivery. After Christopher received the home, he and Michael sued CMH and others in state court, alleging that CMH breached the contract by providing a faulty home and conspired with the others to defraud their family's business. Once the defendants removed the suit to federal court, Leo moved to represent Michael (his son) as his guardian. *See* FED. R. CIV. P. 25(b). The district court allowed Leo to participate, but only as Michael's representative and only through counsel. As relevant on appeal, the court then dismissed Michael's claims because he was not a party to the contract with CMH or its intended beneficiary. It denied Christopher's motion under Rule 25(c) of the Federal Rules of Civil Procedure to "transfer" his breach-of-contract claim to Leo. It reasoned that Leo, who is subject to a filing bar in the Northern District of Illinois, *see Matter of Leo Stoller*, No. 07 C 1435 (N.D. Ill. Mar. 8, 2007), had not obtained leave from the district's Executive Committee to litigate. Finally, the court ruled that Christopher furnished no evidence warranting a trial for breach of contract, so it granted CMH's motion for summary judgment—which both Leo and Michael now attempt to challenge.

Leo has no standing to appeal. "[O]nly parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). The district court permitted Leo to participate only as Michael's state-authorized guardian; Leo never became a party in his own right. Further, the district court denied Christopher's request to "transfer" his claim to Leo (based on Leo's district-wide filing bar), and Leo never sought leave to become a party for purposes of challenging that decision on appeal. Having not done so, he may not now appeal. *See id.* For this and other reasons, we recently denied as frivolous Leo's motion for sanctions, filed on October 8, 2021, against appellees and their attorney.

Michael's arguments on appeal are frivolous. First, he argues that the amount-in-controversy requirement for diversity jurisdiction, *see* 28 U.S.C. § 1332, is not satisfied. He observes that he and Christopher stipulated in state court that they do not "seek" more than $74,000. But he did not commit to *refuse* more than $75,000, so the stipulation

did not prevent removal. *See Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014). Besides, he seeks to enjoin CMH's business in Illinois, and he does not deny that if he succeeded the injunction would entail more than $75,000 in losses for CMH, thus satisfying the amount-in-controversy requirement. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006). Second, Michael argues that he is an intended beneficiary of Christopher's contract with CMH, and thus he has an equitable interest in it. But he cannot point to any part of the contract, which does not mention him, rebutting the "strong presumption" in Illinois that contracts apply solely to the contracting parties. *Bank of America Nat. Ass'n v. Bassman FBT, LLC*, 981 N.E.2d 1, 11 (Ill. App. 2012).

We end with the matter of sanctions and costs. We warned Leo and Michael, in August 2021, against frivolous filings. *See Stoller v. Walworth Cnty.*, 856 F. App'x 630, 632–33 (7th Cir. Aug. 18, 2021). Although their filings here preceded that warning, they did not withdraw or amend their filings after the warning. We therefore order Leo to show cause with 14 days why we should not reimpose his circuit-wide filing bar, which we imposed over ten years ago and lifted only on the assumption that he would obey court rules. *See In Re Leo D. Stoller*, No. 08-4240 (7th Cir. Oct. 29, 2012). We also order Michael (through his guardian's counsel) to show cause within 14 days why we should not sanction him (through his guardian, Leo) with a fine for filing a frivolous appeal, the nonpayment of which could result in a filing bar.

Next, we turn to Michael's attorney, Philip Kiss. Kiss filed an appearance only for "Leo Stoller, as legal guardian, for Michael Stoller, Appellant." Yet Kiss filed and signed the frivolous motion for sanctions, filed on October 8, 2021, not on Michael's behalf (or on behalf of "Leo Stoller, as legal guardian, for Michael"), but on behalf of "Appellant Leo Stoller" himself. We may sanction unprofessional conduct of attorneys in this court. *See Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010). We therefore order Kiss to show cause within 14 days why we should not sanction him for filing a frivolous motion on behalf of a litigant for whom he had filed no appearance. Kiss must also address whether he wrote and approved the motion.

Finally, we invite CMH to submit a verified bill of costs within 14 days, to which the Stollers may object within 10 days. FED. R. APP. P. 39.

AFFIRMED